**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.  12-cv-03315

CHARLES PYLES,
          Plaintiff,

v.

WAL-MART REAL ESTATE BUSINESS TRUST and WAL-MART STORES, INC.;
          Defendant.

## COMPLAINT AND JURY DEMAND

COMES NOW, the Plaintiff, Charles Pyles, by and through his attorney, Daniel B. Slater, and hereby complains against Defendant, Wal-Mart Real Estate Business Trust, as follows:

1. Plaintiff Charles Pyles is a resident of Fremont County, Colorado, with his address as stated herein.

2. Defendant Wal-Mart Real Estate Business Trust, is a Delaware statutory trust with its principal place of business in Arkansas.  The Defendant's registered agent is The Corporation Trust Company, Corporation Trust Center 1209 Orange St., Wilmington, DE 19801.

3. Defendant Wal-Mart Stores, Inc. is a Delaware corporation with its principal place of business in Arkansas.  The Defendant's registered agent is The Corporation Company, 1675 Broadway, Suite 1200, Denver, CO 80202.

4. Jurisdiction is appropriate due to the diversity in citizenship of the parties, pursuant to 28 U.S.C. 1332.

5. Venue is appropriate because the actions described herein all occurred within the State of Colorado.

6. At all times relevant to this Complaint, Defendant Wal-Mart Real Estate Business Trust owned an operated a parking lot and discount store at 3105 U.S. Highway 50, Cañon City, Fremont County, Colorado.

7. At all times relevant to this Complaint, Defendant Wal-Mart Stores, Inc. operated a discount store at 3105 U.S. Highway 50, Cañon City, Colorado, and was an "authorized agent or person in possession of real property and a person legally responsible for the condition of real property or for the activities conducted or circumstances existing on real property" with respect to the premises at 3105 U.S. Highway 50, Cañon City, Colorado.

8. The aforementioned parking lot is for the benefit and convenience of patrons to the discount store operated by Defendants.

9. On or about June 9, 2012, Plaintiff Charles Pyles was returning to his vehicle in the parking lot owned and operated by Defendants.

10. Plaintiff was shopping in the discount store adjacent to the parking lot.

11. Accordingly, Plaintiff's status on Defendants' property was that of an invitee.

12. After exiting the store, Plaintiff proceeded toward his vehicle.

13. There was a curb and gutter in the parking lot. The concrete in the gutter had become deformed and raised at a seam in the gutter. There was no warning of this deformity to alert patrons who walked along this area of the danger of this deformity.

14. As Plaintiff proceeded toward his vehicle, he reached the aforementioned gutter; however, due to the deformity, Plaintiff tripped and fell against the curb.

15. As a result of the fall, Plaintiff has suffered, and continues to suffer, severe injuries.

### CAUSE OF ACTION NUMBER ONE – PREMISES LIABILITY

16. All preceding paragraphs are hereby incorporated as if restated herein.

17. The failure to properly maintain the curb and gutter in the parking lot was a danger on the Defendants' property.

18. The failure to fix the broken curb and gutter was a danger on the Defendants' property.

19. The Defendants either actually knew about these dangers, or as an entity using reasonable care, should have known about these dangers.

20. The Defendants failed to warn of these dangers.

21. The Defendants failed to use reasonable care to protect against these dangers on its property.

22. The Plaintiff was injured as a result of these dangers, as outlined previously.

23. The Defendants' failures to warn and/or use reasonable care to protect against these dangers on its property was a cause of the Plaintiff's injuries.

24. Accordingly, Defendants are liable to Plaintiff for Plaintiff's injuries, as provided in C.R.S. § 13-21-115 (3) (c) (I).

### CAUSE OF ACTION NUMBER TWO – NEGLIGENCE

25. All preceding paragraphs are hereby incorporated as if restated herein.

26. Defendants had a duty to the Plaintiff and other users of its parking lot to maintain the curb and gutter in an operable and appropriate manner.

27. Defendants breached this duty.

28. The Defendants' breach of this duty caused harm to the Plaintiff.

29. Therefore, the Defendants are liable to the Plaintiff for their negligence.

WHEREFORE, Plaintiff Charles Pyles requests that this Court grant him judgment against the Defendants in the form of relief and damages as follows:

A. Economic Damages
B. Loss of Enjoyment of Life
C. Pain and Suffering
D. Disfigurement
E. Impairment of Quality of Life
F. Emotional Stress
G. Inconvenience
H. Attorneys' Fees
I. Costs
J. Interest
K. Any such other relief the Court or a Jury deem appropriate.

**PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL CLAIMS ABOVE SO TRIABLE**

DATED this 20th day of December, 2012.

/s Daniel B. Slater
Daniel B. Slater
Attorney for Plaintiff
1415 Main Street, Suite A
Cañon City, CO 81212
Tel: 719-269-3315
dan@danslaterlaw.com